THE PEOPLE ex rel. JOHN F. MITCHELL, Respondent, *v.* JAMES J. MARTIN et al., Commissioners, etc., Appellants.

Under the provisions of the New York Consolidation Act (§ 273, chap. 410, Laws of 1882), declaring that "absence without leave of any member of the police force for five consecutive days shall be deemed and held to be a resignation, and the member so absent shall at the expiration of said period cease to be a member of the police force," the absence that will deprive a member of his place must be voluntary and intentional.

Where, therefore, a member of the force was dismissed for absence without leave for over five days, and it appeared that the absence was not his conscious act, but the result of temporary mental aberration, *held,* that the dismissal was error.

(Argued October 22, 1894; decided October 30, 1894.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made June 14, 1894, which reversed a determination by defendants as commissioners of police of the city of New York dismissing the relator from the police force and directed his reinstatement.

The facts, so far as material, are stated in the opinion.

*David J. Dean* for appellants. By force of section 273 of the Consolidation Act, in consequence of absence without leave for five consecutive days, the relator vacated his office, ceased to be a member of the police force, and became liable · to be dismissed therefrom without notice. (Laws of 1873, chap. 335, § 47; *People ex rel.* v. *Police Comrs.*, 114 N. Y. 245.)

*Edmund Luis Mooney* for respondent. The reversal by the General Term of the determination of the commissioners being upon the facts, this court will not review the order appealed from. (*People ex rel.* v. *French*, 123 N. Y. 636.) The absence of the relator from duty was neither conscious, voluntary nor blamable, and the case was, therefore, not within the language or intendment of the statute. (Laws of 1882, chap. 410, § 273 ; *People ex rel.* v. *Bd. of Police*, 114 N. Y. 245 ; *People ex rel.* v. *French*, 119 id. 502 ; *People* v. *Bartlett*, 3 Hill, 570 ; *People* v. *Manning*, 8 Cow. 297 ; *Harmony* v. *Bingham*, 12 N. Y. 99, 107 ; *Wolfe* v. *Howes*, 20 id. 201 ; *Cobb* v. *Harmon*, 23 id. 148, 150 ; *Wilckens* v. *Willett*, 40 id. 521 ; *Cohen* v. *N. Y. L. Ins. Co.*, 50 id. 617 ; *U. S.* v. *Thomas*, 15 Wall. 337–355 ; *Taylor* v. *Taintor*, 16 id. 366, 377.)

Bartlett, J. The police commissioners dismissed the relator from the police force of the city of New York ; the General Term of the Supreme Court reversed that decision upon the law and the facts and ordered the reinstatement of the relator. From that order the commissioners appeal to this court.

There were two charges made against the relator, viz. : First, absence without leave ; second, failure to appear against

a prisoner.   Both charges rest upon the same state of facts. The relator admitted his absence, but sought to justify it on the ground it was not his conscious act, but the result of temporary mental aberration which led him to absent himself from his family and the city of New York for a period of about eight days.   The reversal of the determination of the commissioners by the General Term being upon the facts as well as the law, and resting as it does upon abundant evidence, it remains for us to decide whether, as matter of law, the defense established was a good answer to the charges upon which the relator was tried.

The contention of the appellants in this court relates solely to the force and effect of section 273 of the Consolidation Act, which provides as follows: "Absence, without leave, of any member of the police force, for five consecutive days, shall be deemed and held to be a resignation, and the member so absent shall, at the expiration of said period, cease to be a member of the police force, and be dismissed therefrom without notice."

The appellants insist that this statute is to be construed according to its literal reading, and that absence without leave for any cause, however justifiable and beyond control, which continues for five consecutive days, justifies the commissioners in dismissing the absentee without notice, and there is no possible defense that can be interposed except where the absence is compelled by the unjustifiable act of the authorities to whom the relator owes obedience.   This court in the case of *Nugent* (114 N. Y. 245) held that his absence was an obedience to the command of the law, and not, therefore, within the intendment of the statute.   The appellants seek to distinguish the *Nugent* case from the one at bar by the fact that Nugent's absence was due to the unjustifiable act of his superior officers.

We fail to apprehend the soundness of any such distinction. The statute under consideration, when reasonably construed, will lead to no such result as to deprive an honorable police officer of his place on the force by reason of absence arising

from the act of God. The absence that will deprive the officer of his place must be voluntary and intentional. It is such an act alone that can be deemed a resignation and justify the commissioners in acting without notice to the relator.

It is urged in support of the strict and literal construction of this statute that the police force of the city of New York is in many respects like a military organization, and the legislature has evinced the determination to maintain its efficiency by compelling the dismissal of absentees in order that their place may be filled and the efficiency of the force maintained. It is doubtless true that the legislature intended to make this statute one of unusual strictness and severity as conserving the discipline of the police force, and it is the duty of the courts to see that it is rigidly enforced. It does not follow, however, that when absence under this statute is caused by the act of God, that its penalties are to be visited upon the absentee; such a construction would not only do violence to the natural sense of justice, but would be contrary to a long line of authorities. Many of the cases are cited and commented on in the *Nugent Case* (114 N. Y. 248, 249, 250). After so citing them the court goes on to say: "The cases referred to establish the principle that, in matters of contract, a party may be relieved from the consequences of the obligation to perform when performance is prevented by the act of God, or the exercise of a superior power residing within the sovereignty of the state. The same principle has been held to relieve a party from the obligation imposed by the statute."

It was further urged in support of the appellants' contention that if such an absence as the relator's is not ground for dismissal, and his attacks continue, he must be permitted to remain on the force to its great detriment. The answer to this contention is found in section 250 of the Consolidation Act, which provides as follows    *    *    *    " that any member of the police force who is now, or who may hereafter become, insane or of unsound mind so as to be unable or unfit to perform full police service or duty, may be removed and dismissed from the police force by resolution of the board of police." If mere

temporary aberration gives place to a more serious form of mental malady, so that a member of the police force is unable or unfit to perform full police service or duty, then the statute provides an abundant and summary remedy for dismissal.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.