(7 App. Div. 144)

PEOPLE ex rel. CASSIDY v. ROOSEVELT et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

POLICEMEN—REMOVAL—HEARING.

A policeman who was discharged did not have a hearing before one or more of the commissioners, as required by law, where he was brought before one of the commissioners, and testimony taken, but, before the board acted on the case, the term of such commissioner expired, and the other commissioners in office were removed by the mayor, and the case was disposed of by their successors on the evidence so taken.

Certiorari by Joseph Cassidy to review the determination of Theodore Roosevelt and others, composing the board of police commissioners of the city of New York, dismissing relator from the police force. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis J. Grant, for relator.

Theodore Connoly, for respondents.

PER CURIAM. We do not think that the relator had a trial before one or more of the commissioners, as required by the rules. There was a hearing, at which testimony was taken, before Commissioner Martin, who was then a police commissioner. Before that was acted upon by the board, Commissioner Martin's term expired, and the other commissioners in office at that time were removed by the mayor, and the respondents were appointed in place of the retiring and removed commissioners. It seems to us quite clear that, with the retirement or removal of the commissioners in office at the time of the hearing, the proceeding came to an end, and a new trial or hearing before the new commissioners was necessary. There is nothing to show that the commissioner before whom the testimony was taken made a report to his associates. He certainly could not have made a report to the respondents, as they were not in office when the trial took place; and Commissioner Martin, before whom the trial was had, was not in office when the respondents acted, and dismissed the relator.

We think, for this reason, that the proceedings should be reversed, and the relator reinstated, with $50 costs.