PEOPLE ex rel. DOUGAN v. GREENE, Police Com'r. (Supreme Court, Appellate Division, Second Department. December 1, 1904.) Proceedings by the people of the state of New York, on the relation of William J. Dougan, against Francis V. Greene, as police commissioner, etc.

PER CURIAM. Motion for reargument granted, and reargument order for January 4, 1905. Motion for resettlement of order to be held until the determination of the appeal on reargument.

PEOPLE ex rel. FINIGAN, Respondent, v. MAXWELL, City Sup't, Appellant. (Supreme Court, Appellate Division, Second Department. December 1, 1904.) Proceedings by the people of the state of New York, on the relation of Rose M. Finigan, against William H. Maxwell, as city superintendent, etc. No opinion. Motion denied, without costs.

PEOPLE ex rel. FREELAN, Appellant, v. GREENE, Police Com'r, Respondent. (Supreme Court, Appellate Division, Second Department. December 15, 1904.) Proceedings by the people of the state of New York, on the relation of Charles W. Freelan, against Francis V. Greene, as police commissioner of the city of New York.

PER CURIAM. Determination confirmed, with costs.

WOODWARD and JENKS, JJ., dissent.

PEOPLE ex rel. NIEBUHR v. McADOO, Com'r. Respondent. (Supreme Court, Appellate Division, First Department. January 13, 1905.) Proceedings by the people of the state of New York, on the relation of John H. Niebuhr, against William McAdoo, commissioner. L. O. Van Doren, for relator. T. Farley, for respondent. No opinion. Order modified by striking out paragraphs marked "second" and "third," and, as so modified, affirmed, without costs.

(100 App. Div. 516)

PEOPLE ex rel. PADIAN, Respondent, v. McADOO, Com'r, Appellant. (Supreme Court, Appellate Division, First Department. January 6, 1905.) Proceedings by the people of the state of New York, on the relation of John Padian, against William McAdoo, commissioner. T. Farley, for appellant. W. S. Gordon, for respondent. No opinion. Order affirmed, with $10 costs and disbursements, on authority of People ex rel. Mitchell v. Martin, 143 N. Y. 407, 38 N. E. 460.

PEOPLE ex rel. ROCHESTER TELEPHONE CO. v. PRIEST et al., Tax Com'rs. In re POND et al., Assessors. (Supreme Court, Appellate Division, Third Department. January 13, 1905.) Proceedings by the people of the state of New York, on the relation of the Rochester Telephone Company, against George E. Priest and others, state board of tax commissioners. In the matter of the application of Charles F. Pond and others, assessors of the city of Rochester.

PER CURIAM. Motion granted, and the following questions certified: First. Was it the purpose of the statute to permit a relator assessed for a special franchise to challenge that assessment as unequal, upon the ground that such special franchise was assessed at a greater ratio of value than was the real property upon the roll assessed by the local assessors? Second. Has the Supreme Court, in this proceeding, after the filing of the return by the state board of tax commissioners and the trial of the issue raised by such return, and before final decision thereon, power to amend the order directing the writ so as to direct that the writ shall run to the board of assessors of the city of Rochester, upon their application, as well as to the state board of tax commissioners? Third. If the first and second questions shall be answered "Yes," has the Supreme Court power, in this proceeding, to direct the assessors of the city of Rochester to file a return, and authorize them to therein put in issue and raise and litigate the question whether the other real property upon the same roll, upon which the assessment of the relator's special franchise appears, was or was not assessed at its full and true value? Fourth. If the first, second, and third questions shall be answered "Yes," has the Supreme Court power, in this proceeding, to permit the assessors of the city of Rochester to raise by their return and litigate the question whether the state board of tax commissioners have, in the assessment of the relator's special franchise, assessed the same at its full and true value, or at a sum less than its full and true value?

PEOPLE ex rel. SELAFANI v. FITZGERALD. (Supreme Court, Appellate Division, First Department. January 13, 1905.) Proceedings by the people of the state of New York, on the relation of Antonino Selafani, against James Fitzgerald. No opinion. Application denied.

PEOPLE ex rel. TRAVIS, Appellant, v. SHERIFF OF KINGS COUNTY et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 6, 1905.) Proceedings by the people of the state of New York, on the relation of Hannah A. Travis, against the sheriff of Kings county and the American Society for the Prevention of Cruelty to Animals. No opinion. Order affirmed on argument, without costs.

PEOPLE ex rel. WALL & HANOVER ST. REALTY CO. v. MILLER, Comptroller. (Supreme Court, Appellate Division, Third Department. December 2, 1904.) Proceedings by the people of the state of New York, on the relation of the Wall & Hanover Street Realty Company, against Nathan L. Miller, as Comptroller of the state of New York. No opinion. Motion denied.