In the Matter of the Application of ANTHONY ELDER, Respondent, for a Peremptory Writ of Mandamus against THEODORE A. BINGHAM, as Police Commissioner of the City of New York, Appellant.

Second Department, March 1, 1907.

Mandamus — denials on information and belief — municipal corporations — judgment by police commissioner on trial had before predecessor — when mandamus proper remedy for reinstatement.

The allegations of a petition on mandamus are not put in issue by denials made upon information and belief.

The action of a police commissioner in dismissing an officer is invalid if based upon proceedings had before his predecessor and not resulting in a final judgment.

Absence of an officer from duty when caused by act of God, as by illness, is not ground for dismissal under section 303 of the charter of Greater New York. To deprive an officer of his position, the absence must have been voluntary and intentional.

When no trial has been had before the police commissioner on the discharge of an officer, the latter's remedy for reinstatement is by mandamus.

APPEAL by Theodore A. Bingham, as police commissioner, etc., from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 14th day of November, 1906, granting a peremptory writ of mandamus commanding said appellant to restore the petitioner herein to duty as a patrolman in the police department of the city of New York.

*James D. Bell, Edward Lazansky* and *William B. Ellison, Corporation Counsel,* for the appellant.

*Jacob Rouss* and *Louis J. Grant,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice GARRETSON, at Special Term.

HIRSCHBERG, P. J., JENKS, HOOKER, GAYNOR and RICH, JJ., concurred.

The following is the opinion of Mr. Justice GARRETSON :

GARRETSON, J. :

The denials and averments of the answering affidavit submitted by the defendant upon information and belief, do not put in issue the allegations of the relator's petition. (*People ex rel. Kelly* v. *Common Council*, 77 N. Y. 503 ; *People ex rel. Frost* v. *N. Y. C. & H. R. R. R. Co.*, 61 App. Div. 494 ; 168 N. Y. 187.) Hence the positive averment in defendant's affidavit that after he became police commissioner on January 1, 1906, upon the report of the police surgeons of February 6, 1906, and on March 19, 1906, he ordered that the petitioner "having been absent without leave for more than five consecutive days has ceased to be a member of the police force and has been dismissed therefrom in accordance with section 503, charter New York city* from March 9, 1906," taken with the allegations of the relator's petition and particularly the allegation therein that the relator's absence was the result of personal illness and that he did not deem himself absent without leave because he believed that he had been reported ill, are the only facts essential for consideration upon the merits of this application.

It may be said, however, in passing, that the defendant's action so far as it is alleged to have been based upon the proceedings had before his predecessor was of no validity. He could not acquire jurisdiction over charges pending at the time he entered upon his office and which although tried, had not then passed to final judgment. (*People ex rel. Cassidy* v. *Roosevelt*, 7 App. Div. 144.) The facts appear, therefore, that the defendant assumed to declare relator's office vacant and dismissed him from the force solely for the reason that he was absent without leave for five consecutive days and the relator shows that during that time he was ill. Absence, under the section (503) of the charter * (which is substantially the same as section 273 of the Consolidation Act)† which is caused by the act of God does not bring the penalty of dismissal upon the absentee. The absence that will deprive the officer of his place must be volun-

---

* *Sic.* See Laws of 1897, chap. 378, § 303, as amd. by Laws of 1901, chap. 466.— [REP.

† See Laws of 1882, chap. 410, § 273, as amd. by Laws of 1884, chap. 180,— [REP.

tary and intentional. (*People ex rel. Mitchell* v. *Martin,* 143 N. Y. 407.) Certiorari is not the relator's remedy. No trial was had before the defendant. As the facts are undisputed the present proceeding is available to the relator and a peremptory writ should issue in accordance with the prayer of the petition. Motion granted, with fifty dollars costs.