action was commenced for the purpose of setting aside the agreement upon which the judgment in the City Court action had been obtained; the plaintiff alleging that such agreement was obtained by fraud practiced upon him, which entitled him to a rescission, the judgment demanded. The Appellate Term reversed the judgment of the City Court and ordered a new trial. Thereupon the plaintiff moved in this action to stay the receiver from prosecuting the action in the City Court. The motion was granted, and the appeal is from that order.

[1, 2] This court has several times said that the trial of an action cannot be stayed in this way. The power of the court to stay proceedings or control the trial of an action is one which must be exercised in the action itself (Raymore Realty Co. v. Pfotenhauer-Nesbit Co., 139 App. Div. 126, 123 N. Y. Supp. 875; North Central Realty Co. v. Blackman, 129 N. Y. Supp. 1005, decided at the May, 1911, term, not yet officially reported), and, where it is sought to enjoin parties from proceeding in another action, such relief must be by injunction in an action where such relief is demanded in the complaint (Belasco Co. v. Klaw, 98 App. Div. 74, 90 N. Y. Supp. 593; Webster v. Columbia National Life Ins. Co., 131 App. Div. 837, 116 N. Y. Supp. 404, affirmed 196 N. Y. 523, 89 N. E. 1114).

Under the authorities cited the court could not, by an order in this action, stay the trial of the City Court action. Nor could it enjoin the prosecution of that action by an order in this, because no such relief is demanded in the complaint.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

PEOPLE ex rel. LENAHAN v. GRIFFENHAGEN, County Register.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

OFFICERS (§ 72*)—REMOVAL OF OFFICER FROM OFFICE—REVIEW—RECORD.

The positive sworn statements of relator in certiorari to review his dismissal from office by respondent that on the day set for the hearing for his removal he talked with respondent over the telephone and explained why he could not appear at the hour fixed, and that he received a reply justifying the belief that strict attendance on the hour was not required, and that he had previously talked with respondent over the telephone excusing his absences, thereby raising the question whether he could be lawfully removed, ineffectively denied by respondent, must be taken as admitted, and, where the return shows that no evidence was taken by respondent to sustain the charge, the removal must be set aside on the ground that relator was not afforded opportunity to defend himself.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 101–103, 105–107; Dec. Dig. § 72.*]

Certiorari by the People, on the relation of Eugene T. Lenahan, against Max S. Griffenhagen, as register of the county of New York, to review the dismissal of relator. Writ sustained, and relator reinstated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jacob Rouss, for relator.
Terence Farley, for respondent.

PER CURIAM. The relator swears positively that he talked to respondent over the telephone, giving an excuse for his absences which, if truthful, would seem to have been sufficient. He also swears positively that on the day set for the hearing he again talked with respondent over the telephone, explaining why he could not appear at the hour fixed, and that he received a reply which justified him in believing that strict attendance on the hour fixed would not be required. The attempted denial of these allegations by the defendant is not effective. Dahlstrom v. Gemunder, 198 N. Y. 453, 92 N. E. 106. The allegations must therefore be taken as admitted.. If the relator's explanation of the cause of his absence is true, it is, at least, questionable whether or not he could lawfully have been removed therefor. People ex rel. Mitchell v. Martin, 143 N. Y. 407, 38 N. E. 460. Furthermore, the return shows that no evidence was taken by the respondent tending to sustain the charge. On the whole case it does not appear that relator was afforded that opportunity to defend himself which the law requires, and for that reason his removal must be set aside. If there was in fact sufficient reason for his removal, he can be again put on trial and properly removed.

It follows that the writ must be sustained and the relator reinstated, with $10 costs and disbursements.

---

STAFFORD v. WASHBURN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

1. WILLS (§ 600*)—CONSTRUCTION—ESTATE BEQUEATHED—STATUTES.

1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2. § 81, provided that where an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or years, such estate shall be changed into a fee, subject to any future estates limited thereon, in case such power should not be executed or the lands should not be sold for the satisfaction of debts. Section 85 declared that every power of disposition should be deemed absolute by means of which the grantee is enabled in his lifetime to dispose of the entire fee for his own benefit. Testator devised his real estate to his wife for life, and granted to her an unrestricted power of sale, with a gift over to the brothers and sisters who might survive the wife, or so much of the estate as she had not sold in her lifetime. The gift over of the real estate undisposed of to the brothers and sisters failed because no brother or sister survived the widow and there was no real property undisposed of at her death. Held, that the widow took a life estate with the absolute beneficial power of disposition during her life, and that, as to such property as she disposed of, her estate was a fee, and the proceeds her absolute property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1335–1339; Dec. Dig. § 600.*]

2. WILLS (§ 693*)—CONSTRUCTION—POWERS.

Where testator after bequeathing a life estate in all his real estate to his wife with an absolute power of disposition declared that she should have power to designate one house and lot to go to a particular devisee,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes