## MEADE v. LAMARCHE.

(Supreme Court, Appellate Division, Third Department.   March 6, 1912.)

**1.  LICENSES (§ 39*)—RIGHTS AND REMEDIES OF UNLICENSED PERSONS—EXCUSES.**

General City Law (Consol. Laws 1909, c. 21) provides, by section 40, that the mayor shall appoint an examining board of plumbers, and by sections 45 and 46, for examination and registration of plumbers.   The mayor did not appoint any examining board, and plaintiff was unable to obtain a certificate of competency and registration.   *Held*, that plaintiff was excused from obtaining such certificate and could recover for services rendered as a plumber.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 76–78; Dec. Dig. § 39.*]

**2.  LICENSES (§ 39*)—ACTION BY UNLICENSED PERSON—EVIDENCE.**

In a plumber's action for services and materials, where he could not obtain a certificate of competency because of the mayor's failure to appoint examining board, as required by General City Law (Consol. Laws 1909, c. 21) § 40, a certificate from the board of examiners in another city was inadmissible.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 76–78; Dec. Dig. § 39.*]

**3.  CONTRACTS (§ 105*)—PERFORMANCE—OPERATION OF LAW.**

Where one covenants not to do a thing which is lawful for him to do, and an act of the Legislature enacted thereafter compels him to do it, the act repeals the covenant.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 478, 480–497; Dec. Dig. § 105.*]

**4.  STATUTES (§ 265*)—CONSTRUCTION—REASONABLE CONSTRUCTION.**

Statutes must be reasonably construed, and, where the language is not imperative, a construction should be avoided which will unjustly affect existing rights and one given which will tend to preserve such rights.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 346, 347; Dec. Dig. § 265.*]

**5.  CONTRACTS (§ 309*)—PERFORMANCE—EXCUSE FOR PERFORMANCE—OPERATION OF LAW.**

A party may be relieved from the performance of his contract, when performance is prevented by operation of law, or relieved thereby from an obligation imposed by statute.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1444–1446; Dec. Dig. § 309.*]

**6.  LICENSES (§ 39*)—RIGHT OF UNLICENSED PLUMBER—FAILURE TO BRING MANDAMUS.**

Where the plaintiff, a plumber, was unable to comply with the law requiring that plumbers be licensed and registered, by reason of a failure in the execution of the law, his failure to institute a mandamus proceeding to compel execution of the law did not deprive him of his contract rights.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 76–78; Dec. Dig. § 39.*]

Appeal from Judgment on Report of Referee.

Action by Thomas J. Meade against Arthur E. Lamarche.   From a judgment in favor of plaintiff, entered upon the decision of a referee, defendant appeals.   Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and BETTS, JJ.

Patrick J. Tierney, for appellant.
John E. Judge, for respondent.

HOUGHTON, J. [1, 2] The plaintiff is a plumber carrying on his business in the city of Plattsburgh and brings this action for serv-ices and materials furnished by him in that city to the defendant. The complaint did not allege that the plaintiff had obtained a certifi-cate of competency from an examining board of plumbers of such city, or that he had registered his name and address at the office of its board of health of such city, as prescribed by sections 45 and 46 of the General City Law. The defendant did not demur to the com-plaint or plead such defense in his answer, but at the close of plain-tiff's proofs a motion for nonsuit was made specifying specifically such ground.

It was stipulated upon the trial that the mayor of the city of Platts-burgh had never appointed an examining board of plumbers for that city, as required by section 40 of the General City Law, and that therefore no board existed from which the plaintiff could obtain a certificate of competency to carry on his business, and, not having such certificate, he could not register his name and address in the office of the board of health.

The learned referee before whom the action was tried held that, because there was no board in existence before which the plaintiff could have an examination and obtain a certificate, he was excused from obtaining such certificate and from registering with the board of health and was relieved from the requirements of the law. We think such conclusion was correct. By section 40 of the General City Law it is provided that the mayor of each city in the state shall appoint an examining board of plumbers for his city, consisting of five per-sons, whose qualifications are specified. The mayor thus by law be-came a part of the machinery of the state through which examina-tion of plumbers was to be had. The Legislature delegated certain powers to him expecting that he would exercise them and thus realize and make effective its law enacted for the protection of the inhab-itants of large communities in securing to them proper and healthful sanitation. It could not have been the intention of the Legislature to visit the penalties of the law upon plumbers in those cities where the mayor refused to exercise his function of appointing a board of examiners. The situation presented is not like that of the temporary disability or absence of the appointing or licensing power. In such case the law is in full force and the applicant must await his oppor-tunity. In the present case the state, through the default of the mayor, never gave life to the law so far as the city of Plattsburgh was concerned, because it was never made possible for plumbers in that city to comply with it. A citizen should not be made to suffer the penalties of a law which the state itself has made it impossible for him to obey. If the law be held to apply in the city of Platts-burgh, plumbers must close their shops, and the inhabitants must be

deprived of their services until such time as the mayor may see fit to appoint a board which can examine applicants so that they may register in the office of the board of health.

The plaintiff offered in evidence a certificate of competency obtained by him from the board of examiners in the city of New York when he was in business in that city; but it was properly rejected because it availed him nothing and did not entitle him to register with the board of health of the city of Plattsburgh.

There being no board of examiners, and it being impossible for plaintiff to obtain a certificate of competency, his position was in effect as though an impossibility of performance had been created by law. Neglect to conform to the law on the part of the mayor made it impossible for him to conform.

[3] Where one covenants not to do a thing which it is lawful for him to do, and an act of the Legislature comes after and compels him to do it, the act repeals the covenant, and vice versa. Presbyterian Church v. City of New York, 5 Cow. 538; American Mercantile Exchange v. Blunt, 102 Me. 128, 66 Atl. 212, 10 L. R. A. (N. S.) 414, 120 Am. St. Rep. 463, 10 Ann. Cas. 1022; People v. Globe Mutual Life Ins. Co., 91 N. Y. 174; B. E. S. R. R. Co. v. B. S. R. R. Co., 111 N. Y. 132, 19 N. E. 63, 2 L. R. A. 284.

[4] Statutes must be reasonably construed, and, where the language is not imperative, a construction should be avoided which will unjustly affect existing rights, and one given which will harmonize its objects with the preservation and enjoyment of such rights. S. R. T. Co. v. Mayor, etc., of New York, 128 N. Y. 510, 28 N. E. 525. The law is strict that a sheriff shall be liable for the escape of a civil prisoner admitted to the liberties of the jail limits, yet he is relieved from liability if the prisoner is taken away by paramount authority. Wilckens v. Willett, *40 N. Y. 521. In construing the fair intendment of the provision of the law that a member of the police force, who shall absent himself from duty without leave for the term of five days, shall at the expiration of said five days cease to be a member of the police force, in People ex rel. Nugent v. Police Commissioners, 114 N. Y. 245, 21 N. E. 421, Parker, J., says:

"It is both unreasonable and unjust to the citizen to hold that in any case he is subject to a penalty imposed by law for nonperformance of a duty when such performance, without fault on his own part, is prevented by law. It is far more agreeable to reason to construe such a statute as containing an implied undertaking on the part of the state that performance shall not be hindered or prevented by any legal authority within the limits of the state, and, as a necessary consequence, that when thus hindered and prevented the statute shall not operate as against the citizen or officer thwarted in the attempt at performance."

[5] And after a review of the authorities he further says:

"The cases referred to establish the principle that, in matters of contract, a party may be relieved from the consequences of the obligation to perform when performance is prevented by the act of God, or the exercise of a superior power residing within the sovereignty of the state. The same principle has been held to relieve a party from the obligation imposed by statute."

This last paragraph is quoted with approval in People ex rel. Mitchell v. Martin, 143 N. Y. 407, 38 N. E. 460.

Had there been a board of examiners, the plaintiff would have been compelled to obtain a certificate of competency and to register his name and address with the board of health of the city, and plead and prove that fact in order to maintain his action. Schnaier & Co. v. Grigsby, 132 App. Div. 854, 117 N. Y. Supp. 455, affirmed on opinion of Scott, J., below, 199 N. Y. 577, 93 N. E. 1125.

[6] It is no answer to say that the plaintiff could have compelled the mayor by mandamus to appoint a board of examiners. He was under no more obligation to do it than any citizen, and he did not lose his rights by his failure to institute such proceeding.

We think there was no error committed upon the trial calling for a reversal of the judgment. The referee seems to have had some doubt whether the answer contained a proper denial; but the case was tried and determined on the merits as though the answer was sufficient, irrespective of such remarks as were made in the opinion or upon refusal to find. The referee was an experienced one and has adjusted the differences between the parties as fairly as may be.

It follows that the judgment should be affirmed, with costs. All concur.