■ ANTHONY BUJAS, Respondent, v MICHELLE KATZ, Appellant, et al., Defendant.—In an action to foreclose a mechanic's lien, the defendant Katz appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated January 12, 1987, which denied her motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the complaint is dismissed as against the defendant Katz.

The plaintiff, an unlicensed home improvement contractor, entered into an agreement to perform demolition, carpentry, masonry, heating, plumbing and electrical work on the appellant's premises. The plaintiff completed the work, but claimed a portion of the contract price was still due. After due de-

mand, he filed a notice of mechanic's lien and then commenced this action to foreclose the lien. The appellant's answer included the defense that the plaintiff was unlicensed, in violation of section 21-11.2 of the Nassau County Administrative Code. The appellant subsequently moved for summary judgment dismissing the complaint on this ground.

The authorities are clear that an unlicensed home improvement contractor cannot recover for services rendered either on the contract or in quantum meruit *(Richards Conditioning Corp. v Oleet,* 21 NY2d 895; *Millington v Rapoport,* 98 AD2d 765; *George Piersa, Inc. v Rosenthal,* 72 AD2d 593; *Segrete v Zimmerman,* 67 AD2d 999). In opposition to the motion for summary judgment, the plaintiff contends that since the ordinance prohibiting home improvement contractors from operating without a license is aimed at prohibiting abusive practices of contractors, it does not bar recovery on the contract or in quantum meruit where there is no evidence that any abusive practices occurred. However, this court has barred recovery regardless of "whether the work was performed satisfactorily or whether the failure to obtain a license was willful" *(Millington v Rapoport, supra,* at 766).

The plaintiff's other contentions have been considered and have been found to be without merit. Niehoff, J. P., Mangano, Eiber and Harwood, JJ., concur.