OPINION OF THE COURT
Peter G. Dounias, J.
This is an action commenced by plaintiff, Robert M. Padden Construction, Inc., to recover upon an oral contract for home improvement work and to foreclose a mechanic’s lien. Defen *273 dont homeowners, Bernard Reitkopf and Nancy Reitkopf (the Reitkopfs), moved pursuant to CPLR 3211 (a) (1) and (7) for an order dismissing the complaint. This court converted defendants’ motion to one for summary judgment pursuant to CPLR 3211 (c). The relevant facts are as follows:
In June of 1988, the Reitkopfs and plaintiff’s president, Robert M. Padden (Padden), negotiated an oral agreement by which plaintiff was to perform certain home improvement work on the Reitkopfs’ premises in the Town of East Hampton (the Town). The Reitkopfs allege that Padden "guaranteed” a price of $13,000 which amount, it is conceded, has been paid. Plaintiff, however, seeks recovery of an additional $12,360.71 allegedly due and owing from the Reitkopfs pursuant to their agreement.
In spite of this disagreement as to the contract’s terms, it is undisputed that when the contract was entered into and when the construction took place, the plaintiff corporation was not a licensed home improvement contractor as required by the Town. Section 89-10 of the East Hampton Code provides that "[n]o person shall conduct, undertake or engage in any home improvement business without first obtaining and thereafter maintaining in effect at all times an East Hampton Town home improvement contractor’s license from the Building Inspector” (emphasis added).
It is well settled that where, as here, a local law enacted to promote the welfare of citizens within a municipality requires home improvement contractors to be licensed, a contractor may not recover either on a contract or upon quantum meruit, for work performed while unlicensed (Richards Conditioning Corp. v Oleet, 21 NY2d 895; Bujas v Katz, 133 AD2d 730). This is so even though the work was satisfactorily performed, the failure to obtain a license was not willful (see, Bujas v Katz, supra; Millington v Rapoport, 98 AD2d 765), and even though the homeowner, knowing that the contractor was unlicensed, had no intention to pay when he contracted for the work (see, Chosen Constr. Corp. v Syz, 138 AD2d 284; Millington v Rapoport, supra). It is upon these rules that the Reitkopfs seek dismissal.
Plaintiff vigorously opposes the motion, arguing that even though it was not licensed by the Town, it was licensed by the County of Suffolk during the period in question. Plaintiff further argues that its president, Robert M. Padden, was licensed by the Town and that such license should be sufficient to permit plaintiff to maintain its action.
*274 With these assertions the court cannot agree. Firstly, the license issued to plaintiff by the County of Suffolk is no substitute in this case for one issued by the Town as a Suffolk license "may not be construed to authorize the licensee to perform any work * * * which is reserved to qualified licensees under separate provisions of * * * local law” (Suffolk County Code § 345-3 [B]). Nor may plaintiff- rely upon the Town license issued to Padden as an individual. Section 89-40 of the Town Code provides that "no person shall * * * (F) conduct a home improvement business in any name other than a name for which a license has been obtained hereunder.” And, as the purpose of the Town’s licensing law is remedial to the extent that it was designed to protect homeowners against "shoddy incompetent work or deceptive practices involving home improvement work” (East Hampton Town Code §89-2 [B]), strict compliance with its terms is mandated (see, George Piersa, Inc. v Rosenthal, 72 AD2d 593, 594). Accordingly, plaintiff’s failure to hold a Town license is fatal to its claim on this basis alone (George Piersa, Inc. v Rosenthal, supra).
Further, the court notes that at the time the contract was entered into and during much of the construction, Padden himself was unlicensed as well. Plaintiff and Padden assert that the latter’s Town license was inadvertently permitted to expire and that, in any event, the Town’s policy was not to strictly enforce its renewal requirement. To this effect is the affidavit of P. Edward Reale, Esq., Town Attorney for the Town of East Hampton, submitted on plaintiff’s behalf. Mr. Reale states, inter alla, that "[i]t is my understanding of the Town Building Department’s policy that the Department does not insist upon renewal of expired licenses unless and until the time after expiration when the licensee makes application for a building permit for home improvement work requiring a permit. At that time the building inspector requires that the license will [sic] be renewed.”
The court finds this hearsay declaration unpersuasive and not necessarily supportive of plaintiff’s position. It appears that all Mr. Reale is saying is that the Town does not track down "expirees” but rather enforces the Code when the necessity for a renewal presents itself. Even assuming that Mr. Reale’s statement indicates lax enforcement, the court has not been directed to any authority mandating that it must not follow the applicable law in cases of this type. The rule preventing plaintiff’s recovery is grounded upon the premise *275 that a contract entered into in violation of statute is illegal and therefore unenforceable (see, 12 NY Jur 2d, Business and Occupations, § 43). That the Town might not strictly enforce the ordinance does not transform such contract into a legal one.
This is not a situation such as that encountered by the court in Meade v Lamarche (150 App Div 42). In that case, a municipality failed to form a plumbers’ licensing board as required by State law and therefore it was impossible for the plaintiff plumber to comply with the licensing statute. Dismissal of plaintiff’s claim under such circumstances would be unfair and contrary to law (Meade v Lamarche, supra; see also, People ex rel. Mitchell v Martin, 143 NY 407; Birnbach v Kirspel, 188 Ark 792, 67 SW2d 730 [Sup Ct 1934]; but cf., Howard v Lebby, 197 Ky 324, 246 SW 828, and cases cited thereunder). At bar, it does not appear that there was any impediment to Padden’s renewing his Town license, or more importantly, to plaintiff’s obtaining one.
Defendants having shown their entitlement to judgment as a matter of law in this case, it became incumbent upon plaintiff to demonstrate, upon evidence in admissible form, the existence of a genuine issue of fact requiring trial (see, Zuckerman v City of New York, 49 NY2d 557). Plaintiff has failed in its burden. Accordingly, the motion for summary judgment is granted and the complaint dismissed.