In the Matter of E. J. KORVETTE, INC., Petitioner, *v.* STATE LIQUOR AUTHORITY et al., Respondents.

First Department, December 6, 1966.

*Roy L. Reardon* of counsel (*Francis H. Tweed, Jr.,* with him on the brief; *Simpson Thacher & Bartlett,* attorneys), for petitioner.

*Charles A. LaTorella, Jr.,* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for State Liquor Authority, respondent.

*Albert I. Edelman* of counsel (*Edward A. Manuel* and *Paul E. Roberts* with him on the brief; *Javits Trubin-Sillcocks Edelman & Purcell,* attorneys), for Al's Liquors, Inc., respondent.

*Per Curiam.* The petition herein challenges, by way of an article 78 proceeding, a determination of the State Liquor Authority which denied petitioner's application for a license to sell liquor for off-premises consumption and granted such a license to Al's Liquors, Inc.

It appears without contradiction that petitioner owns 40% of the voting stock and 38% of the total outstanding stock of Alexander's Department Stores, Inc. (hereinafter Alexander's). It owns the same percentages of the stock of Retail Realty, Inc. Alexander's owns all the stock of Al's Liquors, Inc., now the holder of a license for a package store; and Retail Realty, Inc., through a wholly owned subsidiary, is the landlord of the premises occupied by Al's Liquors, Inc.

The Alcoholic Beverage Control Law provides (§ 105, subd. 16): "No retail licensee to sell liquors and/or wines for off-premises consumption shall be interested, directly or indirectly, in any premises where liquors, wines or beer are manufactured or sold at wholesale or any other premises where liquor or wine is sold at retail for off-premises consumption, by stock owner-ship, interlocking directors, mortgage or lien on any personal or real property or by any other means ". Petitioner concedes that if the license to Al's Liquors, Inc., was properly granted, a literal reading of the above section would justify the respondent's action in denying their application. Petitioner claims, however, that the fact is that the balance of Alexander's stock is under a single control, constituting a majority, and that this

majority interest tolerates no element of control from the minority interest. We will assume this to be the fact. Petitioner further argues that the legislative purpose of the restriction against granting a license to one interested in premises already licensed was to prevent control by one interest in two or more licensed premises. And petitioner contends that the wording of the quoted section should be read only to accomplish this object and should not be interpreted to go beyond it.

Nothing extrinsic to the statute was submitted to support this view. And we find nothing in the statute itself which supports it. The legislative theory may equally have been that it was undesirable to concentrate the revenues from retail liquor sales in a few hands; and though actual control of no one establishment would be involved, the potential influence that could be exerted by substantial minority interests in several stores was to be avoided. Such at least is to be gathered from what the section says, and in the absence of a showing of a contrary legislative intent it should be controlling. It may very well be, and the Authority so concedes, that absolute literalism of interpretation would not carry out this legislative purpose in every case. Such might be the situation where the holder of an insignificant percentage of the stock of a large corporation, which corporation held a liquor license, sought a license. But that is not the situation presented here.

Petitioner also asks, in the event the contention above discussed is not accepted, that respondent vacate the license previously given to Al's Liquors, Inc., and order a joint hearing on that application and its own. It is true that where a licensing statute limits the authority to grants that are for the public convenience and provides for a hearing as to the same, where the granting of either license would render the other publicly inconvenient, the Authority must accord a hearing to both on an equal footing (*Ashbacker Radio Co.* v. *Federal Communications Comm.*, 326 U. S. 327). But that is not this case. No question of public convenience is presented. The applications concern locations in different counties and, as far as public convenience is concerned, the grant or denial of either would have no effect on the other. Petitioner's application was denied because petitioner was disqualified. True it is that the disqualification arose from its beneficial interest in other licensed premises. However, the license to those other premises was regularly issued. In the eyes of the statute the petitioner already has a license, and it is in no position to secure another merely because it would prefer a license in which it would enjoy a greater interest.

The determination of respondent State Liquor Authority should be confirmed, with costs.

BOTEIN, P. J., MCNALLY, STEUER, CAPOZZOLI and BASTOW, JJ., concur.

Determination unanimously confirmed and the petition dismissed, with $50 costs and disbursements to the respondents.