■ In the Matter of RIHGA INTERNATIONAL U.S.A., INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [604 NYS2d 64] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 26, 1993, which granted petitioner's CPLR article 78 petition, annulled respondent's October 5, 1992 declaratory ruling denying petitioner a license to sell liquor at its RIHGA Royal Hotel, and remanded the matter to respondent for further proceedings, unanimously affirmed, without costs.

Contrary to respondent State Liquor Authority's contention, its declaratory ruling that a retail license may not issue when wholesalers or manufacturers own an interest in the premises is, in the circumstances here presented, arbitrary and capricious *(see, Matter of Schenley Indus. v State Liq. Auth.,* 25 AD2d 285, *affd* 32 NY2d 638; *Matter of Caputo v State Liq. Auth.,* 55 Misc 2d 229).

The interests of the three Japanese breweries in various

companies having an ownership interest in petitioner's parent group, while constituting an indirect interest under the statute, are de minimis when the breweries are viewed as separate and competing entities, as respondent Authority determined them to be *(see, Matter of E.J. Korvette, Inc. v State Liq. Auth.,* 26 AD2d 439, 441, *affd* 21 NY2d 766). There is no factual basis in the record for aggregating these interests, and in light of petitioner's agreement not to sell any products manufactured by these companies or to purchase alcoholic products from wholesale licensees controlled by such manufacturers, the Authority's continued denial of a license to petitioner fails to fulfill any statutory objective (1933 Opns Atty Gen 158). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Rubin, JJ.