■ LAWRENCE SEGRETE, Doing Business as ASTOR DISPLAY Co., Appellant, v MAURICE ZIMMERMAN et al., Respondents.—In an action to recover the balance due on a contract or, in the alternative, to recover for the reasonable value of work, labor, services and materials, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County, dated April 26, 1978, which, *inter alia,* granted the branches of defendants' motion which sought (1) summary judgment and (2) leave to serve an amended answer, including a second counterclaim. Order and judgment modified, on the law, by (1) deleting the second decretal paragraph thereof and substituting therefor a provision denying the branch of defendants' motion which sought leave to amend their answer and (2) deleting the sixth decretal paragraph thereof and substituting therefor a provision that the cause of action of the defendants against the plaintiff, denominated

as a first counterclaim, be severed and that this action continue as to such counterclaim. As so modified, order and judgment affirmed, without costs or disbursements. Defendants retained plaintiff to provide labor and material for certain improvements on their home in Nassau County. The work was performed by plaintiff, although he was not licensed to conduct a home improvement business in Nassau County during the relevant period (see Local Laws, 1970, No. 6 of the County of Nassau). While the work progressed, defendants paid $12,000 on account, an amount which, they contend, was the total amount owed. Plaintiff alleges, however, that defendants agreed to pay him a total of $29,856.21. In this action he seeks to recover $17,856.21 allegedly due under the contract, or, alternatively, the same amount under a theory of *quantum meruit.* Special Term granted the branch of defendants' motion which sought summary judgment on the ground that plaintiff, since he was not licensed to perform home improvement work in Nassau County, could recover in neither contract nor *quantum meruit.* The court also granted defendants leave to amend their answer to allege an additional counterclaim seeking recovery of the $12,000 which they had paid. Special Term properly dismissed plaintiff's complaint for he may not recover in either contract or *quantum meruit* (see *Richards Conditioning Corp. v Oleet,* 21 NY2d 895; *Buffoleno v Denning,* 82 Misc 2d 472; contra *Lindner Appraisal Corp. v Frewil Corp.,* 72 Misc 2d 1041). Special Term erred, however, in granting defendants leave to amend their answer. Since defendants have had the benefit of plaintiff's work, they are not entitled to recover payments which they have already made. The parties, in these circumstances, should be left as they are (see *Johnston v Dahlgren,* 166 NY 354; *Host v Gauntlett,* 73 Misc 2d 96). Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.