■ SIDNEY MILLINGTON et al., Respondents, v JOHN D. RAPOPORT et al., Appellants. — In an action to foreclose a mechanic's lien, defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated March 15, 1983, which denied their motion for summary judgment dismissing the complaint. Order reversed, on the law, with costs, motion granted, and complaint dismissed. Plaintiffs, who were not licensed home improvement contractors, entered into an agreement with defendants to perform carpentry, painting and construction work at defendants' recently purchased home. After plaintiffs allegedly completed the work and payment was not forthcoming, they filed a notice of mechanic's lien and commenced this action to foreclose the lien. Defendants' answer included the defense of lack of a home improvement contractor's license, and a defense and counterclaim for negligent performance of the work. Defendants then moved for summary judgment dismissing

the complaint on the ground that plaintiffs were not licensed home improvement contractors when the work was performed. In response, plaintiffs admitted they were unlicensed but asserted that since defendants were aware of that fact when the agreement was made they were estopped from asserting the absence of a license. Special Term denied the motion to dismiss. We reverse. The Administrative Code of the City of New York forbids any person to "perform or obtain a home improvement contract as a contractor or salesman from an owner without a license therefor" (Administrative Code, § B32-352.0, subd [a]). Since the purpose of the regulatory scheme is to protect the homeowner against abuses and fraudulent practices by persons engaged in the home improvement business (Administrative Code, § B32-350.0), it is well established that the lack of a license bars recovery in either contract or *quantum meruit* (*Matter of Schwartz* [*American Swim Pools*], 74 AD2d 638; *George Piersa, Inc. v Rosenthal,* 72 AD2d 593; *Segrete v Zimmerman,* 67 AD2d 999). Since strict compliance with the licensing statute is required, recovery is barred regardless of whether the work was performed satisfactorily or whether the failure to obtain a license was willful (see *George Piersa, Inc. v Rosenthal, supra; Zimmett v Professional Acoustics,* 103 Misc 2d 971). The fact that the homeowner was aware of the absence of a license or even that the homeowner planned to take advantage of its absence creates no exception to the statutory requirement (see *Dartmouth Plan v Valle,* 117 Misc 2d 534). If the legislative mandate can be evaded by the simple expedient of informing the homeowner of the lack of a license prior to entering upon the work, the firm public policy of expelling the unlicensed from the home improvement field would be frustrated. Just as a party may not waive a statute enacted for his benefit if such waiver contravenes public policy (see *Estro Chem. Co. v Falk,* 303 NY 83; *Matter of Sanbonmatsu v Boyer,* 45 AD2d 249, app dsmd 36 NY2d 871), estoppel may not be relied upon to reward a practice which violates public policy as prescribed by the Administrative Code. Lazer, Brown and Boyers, JJ., concur.

Titone, J. P., dissents and votes to affirm the order appealed from, with the following memorandum, in which Thompson, J., concurs: I have no quarrel with the general proposition that an unlicensed contractor may not recover, whether in an action sounding in contract or in *quantum meruit,* for the unlicensed work it performs (*Richards Conditioning Corp. v Oleet,* 21 NY2d 895; *George Piersa, Inc. v Rosenthal,* 72 AD2d 593; *Segrete v Zimmerman,* 67 AD2d 999). Nonetheless, considerations of fundamental fairness may, in certain circumstances, warrant the application of an estoppel against the homeowner (*Wormuth v Lower Eastside Action Project,* 71 Misc 2d 314; see, e.g., Ann., 82 ALR2d 1429, § 3, pp 1441-1442; cf. *Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184; *Fosdick v Investors Syndicate,* 266 NY 130). In my view, this is such a case. Defendants, one of whom is an attorney, knew at all times that plaintiffs were unlicensed, delayed compensating them in the course of their work and waited until the job was completed before raising the claim that the lack of a license should operate to defeat payment. Thus, defendants are not the innocent, unsuspecting parties that the licensing requirement was designed to protect. To turn the plaintiffs out of court at this juncture and reward defendants with a windfall is a punishment "wholly out of proportion to the requirements of public policy" evinced by the licensing statute (*Rosasco Creameries v Cohen,* 276 NY 274, 278). Inasmuch as the plaintiffs have set forth sufficient facts to justify the application of an estoppel (see *Sehlbert Mechanical Corp. v Kessel/Duff Constr. Corp.* 79 AD2d 680; *Wormuth v Lower Eastside Action Project, supra*), I would affirm the order of Special Term denying defendants' motion for summary judgment.