■ BENJAMIN HAMMERMAN et al., Respondents, v JAMCO INDUSTRIES, INC., et al., Appellants, et al., Defendant.—In an

action to recover damages for breach of contract, the defendants Jamco Industries, Inc. and Jamco Construction Corp. appeal from so much of a judgment of the Supreme Court, Queens County (Kassoff, J.), dated May 14, 1984, as (1) dismissed a counterclaim, and (2) is in favor of the plaintiffs and against them in the principal sum of $15,210.12, after a nonjury trial.

Judgment affirmed, insofar as appealed from, with costs.

The plaintiffs negotiated a contract, originally with Jamco Construction Corp., and, subsequent to various modifications to the original proposals, with Jamco Industries, Inc., for the performance of certain improvements at their cooperative apartment in Manhattan. The plaintiffs, dissatisfied with the work done in their apartment pursuant to the contract, sued both those corporations, as well as John La Barca, a principal in those corporations, for damages in the sum of $47,500. The defendants duly interposed an answer, which contained a counterclaim, asserted by Jamco Industries, Inc., in which judgment in the amount of $14,963 was demanded. After trial, without a jury, the counterclaim was dismissed by the court, and judgment was granted in favor of the plaintiffs in the principal sum of $15,210.12. This appeal followed. We affirm the judgment, insofar as appealed from.

The trial court properly dismissed the counterclaim. The record establishes that Jamco Industries, Inc. was not licensed as a home improvement contractor in July of 1982 when the contract was entered into. In response to the plaintiffs' demand, the defendants served a bill of particulars indicating that Mr. La Barca had been licensed as a home improvement salesman and Jamco Construction Corp. had been licensed as a home improvement contractor, but that their application for license renewal, made on June 26, 1982, was rejected. The record conclusively shows that no new licenses were issued until March 16, 1983. Therefore, it is clear that at the time the work in question was performed, the defendants did not possess the licenses required pursuant to Administrative Code of the City of New York § B32-351.0 *et seq.* Accordingly, since neither Jamco Industries, Inc. nor the remaining defendants was licensed, they are precluded from recovering for the work performed either pursuant to their contract or on the basis of quantum meruit *(Millington v Rapoport,* 98 AD2d 765; *Matter of Schwartz [American Swim Pools],* 74 AD2d 638; *George Piersa, Inc. v Rosenthal,* 72 AD2d 593; *Goldman v Garofalo,* 71 AD2d 650, *affd* 50 NY2d 851; *Segrete v Zimmerman,* 67 AD2d 999). We reject the argument that because Mr. La Barca

is a licensed architect so as to be exempted from the license requirement *(see,* Administrative Code of City of New York § B32-361.0 [2]), the corporations in which he is a principal must be similarly exempted *(see, George Piersa, Inc. v Rosenthal, supra).* Therefore, the court properly dismissed the counterclaim.

We also find that the judgment in favor of the plaintiffs is supported by sufficient evidence in the record. Therefore, the judgment under review is affirmed, insofar as appealed from. Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.