OPINION OF THE COURT
Simons, J.
Defendants William and Suzanne Liebig hired plaintiff B & F Building Corporation to renovate their cooperative apartment in Manhattan. They paid it over $237,000 on account as the work progressed but refused further payments claiming it had breached the agreement. Plaintiff thereupon instituted this action to recover the unpaid balance or for judgment declaring that it held a valid mechanic’s lien. Defendants counterclaimed for the expense of correcting the allegedly faulty work.
Plaintiff is a home improvement contractor within the meaning of section 20-386 of the Administrative Code of the City of New York but was not licensed, as the Code requires, when the agreement was signed or when the work was performed (Administrative Code of City of New York § 20-387). Under existing case law, therefore, its contract with defendants is unenforceable (see, Mortise v 55 Liberty Owners Corp., *692 102 AD2d 719, affd 63 NY2d 743; Chosen Constr. Corp. v Syz, 138 AD2d 284; Bujas v Katz, 133 AD2d 730). Plaintiff contends that CPLR 3015 (e) changed this substantive law. That section allows a contractor who does not possess a required license at the commencement of the action to amend the complaint to allege the particulars of an after-acquired license. Inasmuch as plaintiff obtained a license after the litigation was commenced, it claims that that statute permits it to maintain this action.
Supreme Court granted defendants’ motion to dismiss the complaint under CPLR 3015 (e) and denied plaintiff’s cross motion to amend the complaint to assert the particulars of its after-acquired license. It found plaintiff’s failure to adhere to the Code’s licensing requirement rendered the parties’ contract unenforceable and precluded recovery in contract or quantum meruit. The court ruled that even under CPLR 3015 (e), a contractor must comply with two separate tests to sustain a claim: (1) a valid license at the time of pleading and (2) a valid license at the time of the contract and work. Otherwise, it reasoned, the protective purposes of the Code would be undermined by allowing validation of an illegal contract upon the issuance of a license after suit had been commenced. The Appellate Division affirmed for the reasons stated by Supreme Court. We granted leave to appeal and now affirm.
The Home Improvement Business provisions of the Administrative Code of the City of New York were enacted to safeguard and protect consumers against fraudulent practices and inferior work by home contractors (see, Mortise v 55 Liberty Owners Corp., 102 AD2d 719, 720, affd 63 NY2d 743, supra; Administrative Code § 20-385). It provides that ”[n]o person shall * * * perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefor” (Administrative Code § 20-387). To obtain a license, contractors can be required to submit to background checks, post bonds for faithful performance of work, submit to the hearing procedures of the Department of Consumer Affairs and abide by rules providing for fines and cancellation of contracts (see, Administrative Code §§ 20-385 — 20-402). An unlicensed contractor who performs home improvement work in New York City is guilty of a misdemeanor (Administrative Code § 20-401 [1]).
In an effort to compel compliance with the home improve *693 ment licensing law, in 1983 the Legislature adopted CPLR 3015 (e) which places the burden of pleading a required license on the contractor. The section provides that "[w]here the plaintiffs cause of action against a consumer arises from the plaintiffs conduct of a business which is required by state or local law to be licensed * * * the complaint shall allege, as part of the cause of action, that plaintiff is duly licensed”. The statute also provides that "where the plaintiff does not have a license at the commencement of the action [it] may * * * amend the complaint with the name and number of an after-acquired license and the name of the governmental agency which issued such license or move for leave to amend the complaint” in accordance with the provisions of CPLR 3025. Plaintiff contends that this statute does not solely benefit the narrow class of contractors whose licenses have lapsed after performing the contract but was intended to permit contractors to maintain a cause of action even when they were unlicensed at the time the contract was executed or the work was performed.
CPLR 3015 (e) does not expressly address the question. The legislative purpose in enacting it, however, was not to strengthen contractor’s rights, but to benefit consumers by shifting the burden from the homeowner to the contractor to establish that the contractor was licensed. The Sponsors’ Memoranda explain that the statute was introduced in the belief that CPLR 3015 (e)’s affirmative pleading requirement would provide additional protection to consumers, increase incentives for businesses to comply with licensing requirements and help to raise revenue (see, Letter of Senator Halperin to Governor’s Counsel dated July 21, 1983, Letter of Assemblyman Dunne to Governor’s Counsel dated July 10, 1983; Bill Jacket, L 1983, ch 817; see also, Todisco v Econopouly, 155 AD2d 441, 442; Zandell v Zerbe, 139 Misc 2d 737, 741). The interpretation of the statute suggested by plaintiff would defeat these goals, and those underlying the Home Improvement Business provisions of the Administrative Code, by permitting contractors to operate without the necessity of acquiring a license unless they became involved in litigation.
The Legislature is presumed to be aware of the law in existence at the time of an enactment and to have abrogated the common law only to the extent that the clear import of the language of the statute requires (Arbegast v Board of Educ., 65 NY2d 161, 169). The Attorney-General’s Memorandum to the Governor supporting the bill highlighted the case *694 law precluding recovery by an unlicensed contractor (see, Mem of Attorney-General to Governor, July 21, 1983, Bill Jacket, L 1983, ch 817) and there is nothing in the language and legislative history of CPLR 3015 (e) suggesting an intent by the Legislature to weaken this protection or expand the rights of unlicensed contractors. Indeed, the protective purposes of the statute and the various licensing laws which CPLR 3015 (e) addresses would be undermined by overturning this body of case law and validating an illegal contract upon the issuance of a license after suit. A license issued after the work is completed affords none of the consumer protections contained in the regulations and applicable to licensed home improvement contractors while the work is being performed (see, Administrative Code §§ 20-385 — 20-402). Consequently, we hold that the after-acquired license provision of CPLR 3015 (e) is only applicable where the contractor was licensed at the time that the work was done and cannot be used to validate a contract that was prohibited when performed.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs.