■ MARTIN ELLIS, Respondent, v MARILYN GOLD, Appellant. [611 NYS2d 587] —In an action to foreclose a mechanic's lien, the defendant appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated July 11, 1991, which denied her motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, the complaint is dismissed, and the counterclaims are severed.

Local Laws, 1975, No. 1 of the Town of East Hampton requires that all home improvement contractors be licensed. This local law provides that such licenses may be revoked for various reasons, including the contractor having unjustifiably abandoned a project, having willfully deviated from the plans, or having committed fraud in solicitation or procurement of a home improvement contract.

The plaintiff, a home improvement contractor, is a shareholder in a corporation which possessed home improvement licenses issued by other government agencies. However, it is conceded that neither the plaintiff himself nor his corporation possessed an East Hampton license at the time he performed work on the defendant's home, which is located within the

Town of East Hampton. He now seeks to enforce a mechanic's lien and demands a judgment in the sum of $128,690 plus interest from October 23, 1987. We conclude that the plaintiff's failure to obtain the required license precludes him from obtaining any relief, and that there is no issue of fact requiring a trial, so that summary judgment should be granted.

In *Segrete v Zimmerman* (67 AD2d 999), this Court approved of an earlier decision of the Supreme Court *(Buffoleno v Dening,* 82 Misc 2d 472), and held that a home improvement contractor who had not obtained the license required by virtue of a Nassau County ordinance had forfeited his right to recover damages either on a breach of contract theory or on a quantum meruit theory. The contrary holding of another prior Supreme Court case, *Lindner Appraisal Corp. v Frewil Corp.* (72 Misc 2d 1041) was disapproved. The holding of this Court in *Segrete v Zimmerman (supra)* was consistent with and arrived at in partial reliance upon a prior decision of the Court of Appeals in *Richards Conditioning Corp. v Oleet* (21 NY2d 895, 896), which held that public policy forbade the foreclosure of a mechanics lien held by, or the award of money damages to, a person who had, without the license required by law, installed an air conditioning system.

Since the time of *Segrete v Zimmerman (supra),* this Court has had several occasions to consider various questions relating to the right of an unlicensed home improvement contractor to recover damages for breach of contract, to recover damages based on a theory of quantum meruit, or to foreclose a mechanic's lien. All of these cases emanated either from Nassau County *(see, Todisco v Econopouly,* 155 AD2d 441; *Bujas v Katz,* 133 AD2d 730; *Matter of Schwartz [American Swim Pools],* 74 AD2d 638; *George Piersa, Inc. v Rosenthal,* 72 AD2d 593), or from New York City *(see, Hammerman v Jamco Indus.,* 119 AD2d 544; *Millington v Rapoport,* 98 AD2d 765; *see also, Chosen Constr. Corp. v Syz,* 138 AD2d 284). In all of these cases, the Court held, in relevant part, that an unlicensed home improvement contractor forfeits his right to recover damages based either on breach of contract or on quantum meruit and that an unlicensed contractor also forfeits the right to foreclose a mechanic's lien.

The Court of Appeals had several opportunities to reconsider or limit the scope of its holding in *Richards Conditioning Corp. v Oleet (supra),* as that holding has been applied to unlicensed home improvement contractors, and has declined to do so. In *B & F Bldg. Corp. v Liebig* (76 NY2d 689) and in *Mortise v 55 Liberty Owners Corp.* (63 NY2d 743, *affd for*

*reasons stated at* 102 AD2d 719), the Court of Appeals held that home improvement contractors who had not secured the license required by a local New York City law were not entitled to recover damages for breach of contract.

In order to avoid application of the rule of law reflected in the cases noted above, the plaintiff argues that the relevant provisions of the Town Code of the Town of East Hampton are different from the provisions of the various local laws which were under review in those cases. Specifically, he argues that the provisions of the Town Code of the Town of East Hampton requiring the licensing of home improvement contractors were not enacted with the intent to protect the public, but were instead enacted as purely revenue raising measures. This being so, the plaintiff argues that he is not precluded from enforcing his mechanic's lien *(see, Rosasco Creameries v Cohen,* 276 NY 274). We disagree.

The provisions of the Town Code now under review were amended in 1987 after the plaintiff had entered into his contract, so as to declare that the local legislative body's intent was, in fact, to safeguard the public. The 1987 amendments are in pari materia with respect to the previous Code provisions and are thus useful in determining the original legislative intent *(e.g., Nelson v Hanna,* 67 AD2d 820; *Rozler v Franger,* 61 AD2d 46, *affd* 46 NY2d 760; McKinney's Cons Laws of NY, Book 1, Statutes § 223). Under these circumstances, the burden was fairly placed on the plaintiff to demonstrate that the intent of the local legislative body which originally enacted the licensing provisions was in fact different from the intent which, in 1987, the successive legislative body actually expressed. There being inadequate proof of any such difference, we conclude that the nature of the intent of the local legislative body of the Town of East Hampton has been established as a matter of law.

More fundamentally, the failure of a legislative body to express its intent in prefatory language is irrelevant when the intent of the legislative body in question can easily be inferred from the plain language of the substantive provisions of the enactment *(see generally, Goodell v Jackson,* 20 Johns 693 [omission of statement of intent upon revision of statute is no evidence of intent to change meaning]; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes § 122). It may well be that the sections of the Nassau County Administrative Code under review in cases such as *Segrete (supra),* as well as the sections of the New York City Administrative Code under review in cases such as *B & F Bldg. Corp. v Liebig (supra)* expressly

recite that, in enacting the substantive provisions set forth in those sections, the purpose of the local governing body was to safeguard and protect the public. It may also be true that the legislative body of East Hampton originally neglected to provide a similar declaration of its intent. However, the fact that the legislative body of the Town of East Hampton originally neglected to state what purpose motivated it to enact these provisions does not justify the conclusion that its purpose was any different from that which prompted the enactment of parallel provisions in Nassau County and New York City. The legislative intent is clear from the language of the enactment itself; no declaration of intent was required *(e.g., Matter of E. J. Korvette, Inc. v State Liq. Auth.,* 26 AD2d 439, *affd* 21 NY2d 766; *Thompson v Wallin,* 276 App Div 463, *affd* 301 NY 476, *affd sub nom. Adler v Board of Educ.,* 342 US 485; *Matter of Westchester County Socy. for Prevention of Cruelty to Animals v Mengel,* 266 App Div 151, *affd* 292 NY 121).

There is no valid proof that the licensing requirement under review was intended to act primarily as a revenue-raising measure. There is no proof that by collecting the minimal fee charged to license applicants, the Town generates significantly more than the amount needed to offset the expenses of operating the licensing program. Even assuming that the license application fees do serve as a source of some income to the Town, the revenue-raising aspect of the licensing program reflected in this income would clearly be incidental to the program's main regulatory purpose.

The plaintiff points to the fact that after the present action was commenced, he in fact obtained a license from the East Hampton authorities after a brief wait by merely paying the required fee. He argues that the licensing requirements could not have been intended to protect homeowners where no investigation is in fact done prior to the issuance of a license. However, this overlooks the fact that the effectiveness of a licensing procedure as a quality control device depends as much on the licensing authority's power to *revoke* licenses as upon its power to *issue* them. It may be true that the Town in this case issues home improvement contractor licenses with little or no investigation, particularly where the contractor in question has been licensed by other agencies. However, if the Town revokes the licenses of those contractors whose work has proved to be shoddy, then the licensing requirement would clearly serve a regulatory and not merely a revenue-raising purpose.

The plaintiff also points out that the East Hampton home

improvement contractor license itself contains an admonition to the effect that homeowners should not rely on the Town having issued a license as proof of the contractor's skill. The making of such an admonition is fully consistent with a policy which seeks to promote quality more through the selective revocation of licenses than through the selective issuance of them, and hence does not undermine the conclusion that the licensing program of the Town of East Hampton is designed to protect the public. The fact that the Town encourages homeowners independently to investigate the reliability of a contractor does not mean that the Town is itself unconcerned with promoting honesty and reliability in this trade.

The plaintiff argues that his noncompliance with the East Hampton Code should be excused because he was licensed by other government authorities. This argument is meritless. In *Vitanza v City of New York* (48 AD2d 41, 44, *affd* 40 NY2d 872), a case which dealt with the provisions of the General City Law and the provisions of the Administrative Code of the City of New York which regulated plumbers, this Court stated that "one licensed as a plumber in one community may not recover under a contract for plumbing work performed in a neighboring community where he holds no license" *(Vitanza v City of New York, supra,* at 44, citing *Wexler v Rust,* 144 App Div 296; *see also, Meguin v Kramer,* 49 Misc 2d 572).

From the foregoing, it is apparent that New York has taken a strict approach on this area of the law and that our "courts have been adamant in their refusal to permit recovery under a contract * * * where the contractor is not licensed" *(Vitanza v City of New York, supra,* at 44; *see, e.g., Bronold v Engler,* 194 NY 323 [recovery denied to unlicensed plumbing firm even though firm's manager was licensed]; *Wexler v Rust,* 144 App Div 296, *supra* [recovery denied to unlicensed plumbing contractor even though it used a licensed subcontractor]; *George Piersa, Inc. v Rosenthal,* 72 AD2 593, *supra* [recovery denied to unlicensed corporation even though president was licensed]; *Hammerman v Jamco Indus.,* 119 AD2d 544, *supra* [recovery denied to unlicensed corporation even though president, as architect, was exempt from license requirement]; *Millington v Rapoport,* 98 AD2d 765, *supra* [recovery denied even though homeowner knew that contractor was unlicensed]; *see also, Zimmett v Professional Acoustics,* 103 Misc 2d 971; Annotation, *Failure of Building and Construction Artisan or Contractor to Procure Business or Occupational License or Permit as Affecting Enforceability of Contract or*

*Right of Recovery for Work Done—Modern Cases,* 44 ALR4th 271; 12 NY Jur 2d, Businesses and Occupations, § 43).

The Supreme Court concluded that to dismiss the plaintiff's complaint would be "manifestly unjust". If this is true, then the same kind of injustice, albeit arguably to a lesser degree, has been inflicted on other unlicensed home improvement contractors in cases such as *B & F Bldg. Corp. v Liebig (supra); Richards Air Conditioning Corp. v Oleet (supra),* and the other cases noted above. It may well be that unlicensed contractors should be afforded the same rights and remedies as those contractors who are more scrupulous in their obedience to the law and that such liberality would not unduly undermine the efficacy of the various licensing regulations, local laws, ordinances, and statutes which the law contains. This, however, is not our decision. Our duty is to apply the law as it exists, based on the binding Court of Appeals and Appellate Division precedent noted above.

For these reasons, the order appealed from must be reversed and summary judgment must be granted to the defendant. Thompson, J. P., Bracken, Balletta and Joy, JJ., concur.