■ In the Matter of CHARLES P. SCATURRO et al., Respondents, v M.C.S. LANDSCAPE, INC., Appellant. [622 NYS2d 975] —In a proceeding to discharge a mechanic's lien, the respondent M.C.S. Landscape, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated December 10, 1993, as granted the application.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant was hired to perform various landscaping services at the petitioners' residence, including planting trees and bushes, grading the land, laying sod, and installing a lawn sprinkler system. Approximately halfway through the job, the petitioners became dissatisfied with the work and asked the appellant to stop working in order to prevent further damage and cost. Thereafter, the appellant filed a notice of a mechanic's lien against the petitioners' property, alleging an unpaid balance due of $17,500 for work already performed. The petitioners then commenced the present proceeding to discharge the lien.

Pursuant to the Administrative Code of the County of Nassau (hereinafter the Administrative Code) § 21-11.2 anyone operating a home improvement business must be licensed. The appellant does not dispute that it did not have a license, but contends that it was not required to have one and that, in any event, its failure to obtain a license does not bar its recovery in contract or in quantum meruit.

The Supreme Court properly concluded that the landscaping

services provided by the appellant fall within the meaning of a home improvement as defined by the Administrative Code § 21-11.1 (3). That section provides that a home improvement is an "improvement or addition to any land" and "other improvements to structures or upon land." It is well established that an unlicensed home improvement contractor cannot recover for services rendered in contract or in quantum meruit *(see, Richards Conditioning Corp. v Oleet,* 21 NY2d 895; *Bujas v Katz,* 133 AD2d 730; *Mortise v 55 Liberty Owners Corp.,* 102 AD2d 719, *affd* 63 NY2d 743; *George Piersa, Inc. v Rosenthal,* 72 AD2d 593; *Segrete v Zimmerman,* 67 AD2d 999). Accordingly, the appellant's lien was properly discharged *(see, Mortise v 55 Liberty Owners Corp., supra).* Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.