■ ROBERT CAPPADONA, Respondent, v SALAM SALMAN et al., Appellants. [646 NYS2d 27]

The plaintiff's complaint alleges various causes of action arising from certain home improvement work the plaintiff performed in Westchester County at the defendants' residence. Administrative Code of the County of Westchester § 863.313 states, in pertinent part, that "[n]o person shall maintain, conduct * * * or engage in a home improvement business within the County of Westchester * * * unless such person is licensed pursuant to this article". It is undisputed that the plaintiff did not have a home improvement contractor's license under the Code.

The defendants subsequently moved to dismiss the complaint pursuant to CPLR 3015 (e) and 3211 (a) (7) on the grounds that the plaintiff did not have a license. The Supreme Court denied the motion, reasoning that even though the plaintiff performed home improvement work in Westchester County, the Code's licensing requirement was inapplicable since the plaintiff did not maintain its business in that County.

Contrary to the Supreme Court's determination, the Code is applicable here since, by performing home improvement work in Westchester County, the plaintiff was clearly "conduct[ing]" or "engag[ing]" in a home improvement business there (Administrative Code of County of Westchester § 863.313). Inasmuch as the complaint does not allege that the plaintiff was licensed under the Administrative Code of the County of Westchester, the court should have granted the defendants' motion to dismiss (see, CPLR 3015 [e]; 3211 [a] [7]; see also, Matter of Scaturro v M.C.S. Landscape, 212 AD2d 798, 799; Richards Conditioning Corp. v Oleet, 21 NY2d 895; Ellis v Gold, 204 AD2d 261; Millington v Rapoport, 98 AD2d 765).

The plaintiff's remaining contentions are lacking in merit (cf., Ermont Assocs. v Battenfeld, 210 AD2d 293; Hughes & Hughes Contr. Corp. v Coughlan, 202 AD2d 476, 477; Chosen Constr. Corp. v Syz, 138 AD2d 284, 286). Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.