■ In the Matter of HAMDY ASHMAWY et al., Appellants, v L.I. DOCK & BULKHEAD CORP., Respondent. [674 NYS2d 711] —In a proceeding to vacate a mechanic's lien, the petitioners appeal from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated October 16, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the notice of mechanic's lien filed May 9, 1997, and the amended notice of mechanic's lien filed June 19, 1997, are vacated.

The respondent L.I. Dock & Bulkhead Corp. (hereinafter L.I. Dock), contracted with the petitioners to replace a bulkhead on their residential property in order to prevent the erosion of their backyard. A dispute over payment arose, and L.I. Dock filed a notice of mechanic's lien against the petitioners' property on May 9, 1997, which was subsequently amended by a notice filed on June 19, 1997. The petitioners commenced this proceeding to vacate the mechanic's lien on the ground that L.I. Dock was not a licensed home improvement contractor and therefore was precluded from recovering any further payments for the work performed.

The Supreme Court erred in concluding that the work performed by L.I. Dock was not a "home improvement" as defined by the Administrative Code of the County of Nassau § 21-11.1 (3). Home improvement is defined as any "repair * * * replacement * * * improvement * * * to any land" used as a private residence and "other improvements to structures or upon land which is adjacent to a dwelling house" (Administrative Code § 21-11.1 [3]; *e.g., Matter of Scaturro v M.C.S. Landscape,* 212 AD2d 798). The Administrative Code further defines a home improvement contractor as anyone "who undertakes or offers to undertake or agrees to perform any home improvements in Nassau County" (Administrative Code § 21-11.1 [2]).

Since it is undisputed that L.I. Dock was not licensed as a home improvement contractor, it cannot recover any further payments from the petitioners either under the contract or in quantum meruit, and it forfeited the right to foreclose a mechanic's lien (*see, B & F Bldg. Corp. v Liebig,* 76 NY2d 689; *Richards Conditioning Corp. v Oleet,* 21 NY2d 895; *Matter of Scaturro v M.C.S. Landscape, supra; Ellis v Gold,* 204 AD2d 261). Accordingly, the petition to vacate the mechanic's lien should have been granted. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.