OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed without costs and complaint dismissed.
*91 CPLR 3015 (e) appears to allow businesses which do not possess a valid business license prior to the performance of work, as mandated by local statute in certain specified counties, to cure that deficiency nunc pro tunc through subsequent procurement of a license after an action is commenced and on amendment of the complaint so as to allege existence of that license. However, in Todisco v Econopouly (155 AD2d 441, 442), the Appellate Division, Second Department, addressed this issue and held that “nothing suggests that the Legislature intended to overturn the well-established body of law that requires a license at the time of performance.” It found that in order for a business to recover damages for breach of contract, it “must possess (1) a valid license at the time of performance for which [it] seeks compensation, and (2) a valid license at the time of pleading” {supra, at 442). Clearly, the Appellate Division decided that CPLR 3015 (e) does not cure, nunc pro tunc, the failure of a business to have its license at the time the work is performed. Thereafter, the Court of Appeals arrived at the same conclusion (B & F Bldg. Corp. v Liebig, 76 NY2d 689).
In the case at bar, it is uncontroverted that Putnam County has a law which requires home improvement contractors (which includes landscapers) to possess a valid license in order to conduct business. It is also uncontroverted that plaintiff was not licensed when it removed the trees on defendants’ property in August 1996, was not licensed when the trial began on April 15, 1997, and did not obtain a valid license until April 30, 1997. Accordingly, the complaint is dismissed.
DiPaola, P. J., Floyd and Palella, JJ., concur.