■ J. P. MAGUIRE ASSOCIATES, INC., Respondent, v DOMENICO MIGNONE et al., Appellants. [717 NYS2d 253] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 17, 1999, as denied their motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court, dated April 4, 2000, as, upon renewal, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order entered December 17, 1999, is dismissed, without costs or disbursements, as that order was superseded by the order dated April 4, 2000, made upon renewal, and it is further,

Ordered that the order dated April 4, 2000, is reversed insofar as reviewed, on the law, the order entered December 17, 1999 is vacated, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff is a home improvement contractor which performed services at the defendants' home in the City of Yonkers. The defendants alleged that the work was unsatisfactory and refused to pay approximately one-half of the agreed-upon contract price. The plaintiff then commenced this action

to recover damages for, *inter alia,* breach of contract. Thereafter, the defendants moved to dismiss the complaint on the ground that plaintiff did not possess a home improvement license issued by the City of Yonkers. The court denied the motion based, in part, on the plaintiff's submission of "proof of licensure by the County of Westchester at the time of the construction work in defendants' home." We reverse.

Yonkers City Code article XIV § 31-129 requires that all home improvement contractors be licensed. It is undisputed that the plaintiff was not licensed in accordance with that provision at the time it performed work on the defendants' home. Accordingly, the plaintiff is precluded from recovery (*see, Richards Conditioning Corp. v Oleet,* 21 NY2d 895; *Matter of Scaturro v M.C.S. Landscape,* 212 AD2d 798; *Ellis v Gold,* 204 AD2d 261). The plaintiff's contention that its noncompliance with the Yonkers City Code is immaterial since it was licensed by Westchester County is without merit (*see, Ellis v Gold, supra,* at 265). Furthermore, contrary to the Supreme Court's determination, the home improvement licensing provisions of the Yonkers City Code are not superseded by the Westchester County Consumer Protection Code (*see, Savarese Gen. Contr. v Mychalczak,* 272 AD2d 300). Santucci, J. P., Sullivan, Altman and Krausman, JJ., concur.