■ PATRICK BUTLER GENERAL CONTRACTOR, INC., Appellant, v VICTOR ROCCO et al., Defendants and Third-Party Plaintiffs-Respondents. PATRICK BUTLER, Third-Party Defendant-Appellant. [722 NYS2d 66] —In an action to recover damages for breach of contract, the plaintiff, Patrick Butler General

Contractor, Inc., and the third-party defendant, Patrick Butler, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated March 20, 2000, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeal by the third-party defendant, Patrick Butler, is dismissed, as he is not aggrieved by the portion of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Patrick Butler General Contractor, Inc., on the law, with costs, the motion is denied, and the complaint is reinstated.

In 1995 the defendants hired the plaintiff to renovate their residence in Nassau County. The plaintiff engaged several workers to assist in the renovation, supplying them with materials and tools, and paying them on a per diem basis. The defendants fired the plaintiff before the project was completed, claiming that they were dissatisfied with the quality of the work it had performed and the materials used. The plaintiff then commenced this action to recover the outstanding balance allegedly due under the parties' agreement. The defendants subsequently moved for summary judgment dismissing the complaint, contending, *inter alia,* that the plaintiff was barred from recovering these sums because it had used unlicensed subcontractors to perform much of the renovation work. The Supreme Court granted the motion. We reverse.

It is well settled that an unlicensed home improvement contractor or subcontractor forfeits his right to recover damages based either on breach of contract or on quantum meruit (*see, B & F Bldg. Corp. v Liebig,* 76 NY2d 689; *Matter of Ashmawy v L. I. Dock & Bulkhead Corp.,* 251 AD2d 500; *Fisher Mech. Corp. v Gateway Demolition Corp.,* 247 AD2d 579; *Ellis v Gold,* 204 AD2d 261). Here, however, it is undisputed that the plaintiff contractor was licensed to perform home improvements in Nassau County. Furthermore, the Administrative Code of the County of Nassau provides that no contractor's license shall be required of "[a]n individual who performs labor or services for a contractor as an employee thereof" (Administrative Code § 21-11.10 [1]). The defendants contend that the workers hired by the plaintiff were independent contractors who do not qualify for this exemption. The existence of an employee-employer relationship is based upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results (*see, Matter of 12 Cornelia St.,* 56 NY2d 895, 897; *Bhanti v Brookhaven Mem.*

*Hosp. Med. Ctr.,* 260 AD2d 334; *Murphy v ERA United Realty,* 251 AD2d 469). Here, there is an issue of fact as to whether the plaintiff exercised sufficient control over the work performed by the workers it hired to create an employee-employer relationship. Accordingly, it cannot be determined as a matter of law whether these workers were required to be licensed. Accordingly, the defendants' motion for summary judgment must be denied. O'Brien, J. P., Krausman, Florio and Schmidt, JJ., concur.