■ TERRENCE A. PRICE, Respondent, v JOHN CLOSE et al., Appellants. [754 NYS2d 660] —In an action to recover for work, labor, and materials based upon, inter alia, quantum meruit, the defendants appeal (1) from an order of the Supreme Court, Westchester County (Barone, J.), entered February 15, 2002, which denied their motion for summary judgment and partially granted the plaintiff's cross motion for summary judgment on the issue of liability, and (2), as limited by their brief, from so much of an order of the same court, entered April 26, 2002, as,

upon reargument, adhered to the original determination, but, in effect, changed the theory upon which it granted relief.

Ordered that the appeal from the order entered February 15, 2002, is dismissed, without costs or disbursements, as that order was superseded by the order entered April 26, 2002, made upon reargument; and it is further,

Ordered that the order entered April 26, 2002, is reversed insofar as appealed from, on the law, upon reargument, the order entered February 15, 2002, is vacated, the defendants' motion is granted, the plaintiff's cross motion is denied, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff is a home improvement contractor who performed services at the defendants' home in the City of Yonkers pursuant to an oral agreement. The defendants terminated the project before its completion due to personal and financial reasons. The plaintiff subsequently commenced this action, inter alia, to recover upon a theory of quantum meruit. Thereafter, the defendants moved for summary judgment on the ground, among others, that the plaintiff did not have a home improvement license issued by the City of Yonkers. The plaintiff cross-moved for summary judgment. The Supreme Court denied the defendants' motion and partially granted the cross motion on the issue of liability under a theory of quantum meruit. Upon reargument, the Supreme Court adhered to its prior determination but, in effect, treated the theory of recovery as one of unjust enrichment.

City of Yonkers Consumer Protection Code § 31-129 requires that all home improvement contractors be licensed, whether they are prime contractors or subcontractors with respect to the owner. It is undisputed that the plaintiff was not licensed in accordance with that provision at the time he worked on the defendants' home. It is well settled that a contractor who is unlicensed in the municipality where the work is performed is barred from recovery in contract or under the theories of recovery of quantum meruit and unjust enrichment (*see Ermont Assoc. v Battenfeld,* 210 AD2d 293; *Hughes & Hughes Contr. Corp. v Coughlan,* 202 AD2d 476; *Millington v Rapoport,* 98 AD2d 765). Accordingly, the plaintiff is precluded from recovery (*see* CPLR 3015 [e]; *Maguire Assoc. v Mignone,* 278 AD2d 201; *Matter of Scaturro v M.C.S. Landscape,* 212 AD2d 798; *Ellis v Gold,* 204 AD2d 261). Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.