■ VATCO CONTRACTING, LTD., Respondent, v SANFORD KIRSCHENBAUM et al., Appellants. [902 NYS2d 589]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Driscoll, J.), dated September 15, 2009, which denied their motion for summary judgment dismissing the complaint and, sua sponte, granted the plaintiff leave to serve an amended complaint.

Ordered that the notice of appeal from so much of the order as, sua sponte, granted the plaintiff leave to serve an amended complaint is treated as an application for leave to appeal from that part of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The plaintiff contractor commenced the instant action seeking, inter alia, to recover damages for breach of a construction and restoration contract. The defendant homeowners moved for summary judgment dismissing the complaint on the ground that the plaintiff did not possess a "home improvement contractor's license" issued by the City of Long Beach. In opposition, the plaintiff contended that it was indeed properly licensed, submitting proof of a general contractor's license issued by the City of Long Beach and a "home improvement contractor's" license issued by the Nassau County Office of

Consumer Affairs. The Supreme Court denied the defendants' motion. We affirm.

Licensing statutes concerning home improvement unequivocally place the burden on the contractor to ensure that licensing statutes are strictly complied with (*see Ellis v Gold*, 204 AD2d 261 [1994]; *George Piersa, Inc. v Rosenthal*, 72 AD2d 593 [1979]). A "contractor who is unlicensed in the municipality where the work is performed is barred from recovery in contract or under the theories of recovery of quantum meruit and unjust enrichment" (*Price v Close*, 302 AD2d 374, 375 [2003]; *see J.P. Maguire Assoc. v Mignone*, 278 AD2d 201 [2000]; *Matter of Scaturro v M.C.S. Landscape*, 212 AD2d 798 [1995]; *Ellis v Gold*, 204 AD2d 261 [1994]). Here, although the homeowners made a prima facie showing that the plaintiff did not have a home improvement license issued by the City of Long Beach, the plaintiff established as a matter of law that it was properly licensed to perform work on the house. The plaintiff submitted evidence demonstrating that it had a general contractor's license issued by the City of Long Beach and that it was licensed by the Nassau County Office of Consumer Affairs as a home improvement contractor. Although the Code of Ordinances of the City of Long Beach does not specify when a contractor is required to have a general license and when it is required to have a home improvement license (*see* Code of Ordinances of City of Long Beach § 14-15), the plaintiff submitted an affidavit in which the Building Commissioner of the City of Long Beach stated that, prior to issuing the Building Permit, the Buildings Department reviewed the application and confirmed that the plaintiff, listed as the contractor, was fully licensed by the City of Long Beach as a general contractor and was authorized to make home improvements (*cf. Michael D. Canuso Constr. v Rogers*, 267 AD2d 218 [1999]).

Although the complaint did not conform with the pleading requirements set forth in CPLR 3015 (e), the Supreme Court's determination, sua sponte, to grant the plaintiff leave to amend the complaint was, under the particular circumstances of this case, not an improvident exercise of its discretion (*see* CPLR 3025 [b]). Rivera, J.P., Florio, Miller and Austin, JJ., concur.