OPINION OF THE COURT
Per Curiam.
Order (Jeffrey K. Oing, J.), dated February 9, 2009, insofar as appealed from, reversed, with $10 costs, defendant’s motion denied, complaint reinstated and the matter remanded for further proceedings.
Defendant, a New York City resident, purchased a house in Dutchess County that he intended to use as a vacation abode. Defendant decided to renovate the house, and entered into a contract with plaintiff, a corporation with its principal office in New York City, pursuant to which plaintiff, in exchange for approximately $27,000, agreed to supply and install certain kitchen and bathroom fixtures. Plaintiff supplied and installed the fixtures, but defendant (who paid plaintiff approximately $10,000) refused to pay the remaining balance allegedly owed to plaintiff.
Plaintiff commenced this breach of contract action seeking the balance of the contract price, and defendant, in addition to asserting several counterclaims, claimed that plaintiff was precluded from recovering under the contract or in quantum meruit because plaintiff did not possess a New York City home improvement license (see Administrative Code of City of NY § 20-387 [a]). Civil Court granted defendant’s motion for summary judgment dismissing the complaint on the basis that plaintiff did not possess the license. We reverse.
Section 20-387 (a) of the Administrative Code of the City of New York states that “[n]o person shall solicit, canvass, sell, perform or obtain a home improvement contract as a contractor or salesperson from an owner without a license therefore.” Where a “ [contractor” (Administrative Code of City of NY § 20-386 [5]) who lacks a home improvement license performs a “[h]ome improvement contract” (id. § 20-386 [6]) for an “[o]wner” (id. § 20-386 [4]), the contractor is prohibited from enforcing the contract against the owner or seeking recovery in *52 quantum meruit (see Brite-N-Up, Inc. v Reno, 7 AD3d 656 [2004]; Blake Elec. Contr. Co. v Paschall, 222 AD2d 264 [1995]).
Here, it is not disputed that plaintiff did not possess a home improvement license. Thus, if plaintiff was required to possess such a license, plaintiff would be precluded from recovering under either the contract or in quantum meruit. We agree with plaintiff, however, that no license was required, since the building in which the work was performed is situated outside the City of New York.
The Administrative Code does not expressly state that the licensing requirement applies only to contracts involving residences and dwelling places (see Administrative Code of City of NY § 20-386 [2], [6]) within New York City. However, we conclude, based on both the statutory text and the legislative history of the home improvement licensing law, that the licensing provisions apply only to contracts involving residences and dwelling places within the City. Notably, both Mayor Lindsay, who signed the measure into law, and the then-New York City Commissioner of Licenses (Joel J. Tyler) observed that the licensing provisions were designed to protect New York City homeowners; the provisions did not regulate the work of contractors for work performed outside the five boroughs (see remarks by Mayor Lindsay at public hearing on Local Laws, Apr. 22, 1968, at 1; remarks by New York City License Commissioner Tyler at hearing of New York City Council, Committee on Housing, Jan. 29, 1968, at 3). Our construction of the home improvement licensing law is consonant with the well established principle that a contractor who is unlicensed in the municipality where the work is performed is barred from recovering under a home improvement contract or in quantum meruit (see Price v Close, 302 AD2d 374, 375 [2003]).
Since plaintiff was not required to possess a home improvement license to enter into the contract to supply and install fixtures in the Dutchess County house, and defendant did not establish that plaintiff was required to possess a license under the laws of the municipality in which the house is situated, defendant’s motion for summary judgment dismissing the complaint should have been denied.
Schoenfeld, J.E, Shulman and Hunter, Jr., JJ., concur.