■ CMC Quality Concrete III, LLC, Respondent, v Christine Indriolo et al., Appellants. [944 NYS2d 253]—

In an action, inter alia, to recover damages for breach of contract, the defendant Chris Craftsman Development, Inc., ap-

peals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered January 5, 2011, as denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against it, and to dismiss the complaint pursuant to CPLR 3211 insofar as asserted against it, and the defendants Christine Indriolo and Joseph Indriolo appeal from the same order.

Ordered that the appeal by the defendants Christine Indriolo and Joseph Indriolo is dismissed as abandoned (see 22 NYCRR 670.8 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Chris Craftsman Development, Inc., on the law, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Chris Craftsman Development, Inc., is granted, and that branch of the motion which was to dismiss the complaint pursuant to 3211 insofar as asserted against that defendant is denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant Chris Craftsman Development, Inc.

The defendant Chris Craftsman Development, Inc. (hereinafter the general contractor), was a general contractor for improvements to be performed on certain real property owned by the defendants Christine Indriolo and Joseph Indriolo (hereinafter together the homeowners). The general contractor hired the plaintiff to perform a portion of the work by constructing various concrete walls as outlined in a subcontractor agreement.

The plaintiff commenced this action alleging, among other things, that the general contractor breached the subcontractor agreement by failing to tender the full amount due. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the general contractor on the ground that the plaintiff was not a licensed home improvement contractor, and pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against the general contractor. The Supreme Court, among other things, denied those branches of the motion.

"A home improvement contractor who is unlicensed at the time of the performance of the work for which he or she seeks compensation forfeits the right to recover damages based on either breach of contract or quantum meruit" (Flax v Hommel, 40 AD3d 809, 810 [2007]; see CPLR 3015 [e]; B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990]; Ben Krupinski Bldr. & Assoc.,

*Inc. v Baum,* 36 AD3d 843 [2007]; *Ellis v Gold,* 204 AD2d 261, 265-266 [1994]). "Pursuant to CPLR 3015 (e), a complaint that seeks to recover damages for breach of a home improvement contract or to recover in quantum meruit for home improvement services is subject to dismissal . . . if it does not allege compliance with the licensing requirement" (*ENKO Constr. Corp. v Aronshtein,* 89 AD3d 676, 677 [2011]; *see J.G. Cerasuolo Constr., Inc. v Tyler,* 35 AD3d 376, 378 [2006]; *Westchester Stone, Sand & Gravel v Marcella,* 262 AD2d 403, 404 [1999]; *Cappadona v Salman,* 228 AD2d 632, 633 [1996]).

Here, the general contractor established, prima facie, that the plaintiff sought to recover damages for breach of a contract to perform home improvement services which required it to obtain a home improvement contractor license and that the plaintiff did not comply with that licensing requirement (*see* Laws of Westchester County, art XVI, § 863.312 [2]; *Westchester Stone, Sand & Gravel v Marcella,* 262 AD2d at 404; *Cappadona v Salman,* 228 AD2d at 633; *cf. Dickson v Bonistall,* 19 AD3d 640, 641 [2005]; *American Fire Restoration v Gdanski,* 216 AD2d 429, 430 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the general contractor (*see JME Enters. v Kostynick Plumbing & Heating,* 273 AD2d 201, 203 [2000]; *Westchester Stone, Sand & Gravel v Marcella,* 262 AD2d at 404; *Fisher Mech. Corp. v Gateway Demolition Corp.,* 247 AD2d 579, 581 [1998]; *see generally Price v Close,* 302 AD2d 374, 375 [2003]).

The parties' remaining contentions have been rendered academic in light of our determination. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.