■ GRACIANO CORPORATION, Appellant, v STEVEN A. BARONOFF et al., Respondents. [964 NYS2d 602]—

In an action, inter alia, to recover damages for breach of contract and in quantum meruit, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court,

Nassau County (Phelan, J.), entered May 15, 2012, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contractor performed certain masonry work on property owned by the defendants in Suffolk County. After a dispute arose, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and in quantum meruit. The defendants moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiff was unlicensed at the time it performed the work and, accordingly, it forfeited its right to recover under any legal theory. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Where a home improvement contractor is not properly licensed in the municipality where the work is performed at the time the work is performed, the contractor forfeits the right to recover for the work performed both under the contract and on a quantum meruit basis (*see B & F Bldg. Corp. v Liebig*, 76 NY2d 689, 693 [1990]; *CMC Quality Concrete III, LLC v Indriolo*, 95 AD3d 924, 925 [2012]; *Velardo v Tomescu*, 91 AD3d 859, 860 [2012]; *Vatco Contr., Ltd. v Kirschenbaum*, 73 AD3d 1163, 1164 [2010]; *Flax v Hommel*, 40 AD3d 809, 810 [2007]; *Ellis v Gold*, 204 AD2d 261, 262 [1994]; *Hammerman v Jamco Indus.*, 119 AD2d 544, 545 [1986]; *see also* CPLR 3015 [e]). Administrative Code of Suffolk County § 563-17 (A) provides, in pertinent part, that "[i]t is unlawful for any person to engage in any business as a home improvement contractor without obtaining a license therefor."

Here, it is undisputed that, at all relevant times, the plaintiff did not have a home improvement license as required by Administrative Code of Suffolk County § 563-17 (A). Contrary to the plaintiff's contention, in support of their motion, the defendants established, prima facie, that their property constituted a "[o]ne- or two-family house[ ]" (Administrative Code of Suffolk County § 563-16) such that the licensing provision of Administrative Code of Suffolk County § 563-17 applied to this project. In opposition, the plaintiff did not raise a triable issue of fact. Since the plaintiff lacked the required license when it performed the work, it is precluded from recovery either under the contract or on a quantum meruit basis (*see B & F Bldg. Corp. v Liebig*, 76 NY2d at 693; *CMC Quality Concrete III, LLC v Indriolo*, 95 AD3d at 925; *Velardo v Tomescu*, 91 AD3d at 860; *Vatco Contr., Ltd. v Kirschenbaum*, 73 AD3d at 1164; *Flax v*

*Hommel*, 40 AD3d at 810; *Ellis v Gold*, 204 AD2d at 262; *Hammerman v Jamco Indus.*, 119 AD2d at 545).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.