Sensible Choice Contr., LLC v Rodgers (2018 NY Slip Op 05790)





Sensible Choice Contr., LLC v Rodgers


2018 NY Slip Op 05790


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-08317
 (Index No. 53735/16)

[*1]Sensible Choice Contracting, LLC, respondent,
v
Stephen Rodgers, et al., appellants.


Anthony J. Centone, P.C., White Plains, NY, for appellants.
Bruce L. Steinowitz, White Plains, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated June 5, 2017. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the cause of action alleging breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 20, 2015, the defendants' house in Yorktown Heights (hereinafter the premises) sustained water damage to its roof, ceiling, and walls. The defendants filed a claim with their insurer, Liberty Mutual Insurance Company (hereinafter Liberty Mutual). Liberty Mutual authorized repair work to be done on the premises and referred the plaintiff contractor to perform the work. The defendants signed an authorization agreement which provided that the defendants authorized Liberty Mutual to pay the plaintiff and if, "for any reason, [the defendants] receive[ ] a check from [Liberty Mutual] made payable to [the defendants], [the defendants] agree[ ] to pay the [plaintiff] immediately upon receipt of the check" (hereinafter the authorization agreement). After the plaintiff completed the work, it presented, and the defendants signed, a "certificate of satisfaction," which provided that the repairs and restoration were "satisfactorily completed in a professional and workmanlike manner, and the portions of the premises repaired by the [plaintiff] are in as good or better condition than existed prior to the . . . stated loss" and that "no problems or complaints exist regarding such repairs." Thereafter, the plaintiff presented an invoice in the sum $17,168.18, along with the authorization agreement and certificate of satisfaction, to Liberty Mutual. Liberty Mutual thereafter remitted a payment of $17,168.18 to the defendants. The defendants refused to tender the $17,168.18 to the plaintiff.
The plaintiff thereafter commenced this action alleging breach of contract and unjust enrichment. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract. The defendants appeal from that portion of the order.
The defendants' contention that the plaintiff's failure to annex the pleadings to its motion papers was a fatal defect is without merit. CPLR 3212(b) requires, inter alia, that a moving party support its motion for summary judgment by attaching a copy of the pleadings. However, [*2]CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced (see Wade v Knight Transp., Inc., 151 AD3d 1107, 1109). Here, the pleadings were not only electronically filed and available to the Supreme Court and the parties, but the answer was submitted by the defendants in opposition to the motion, and the summons and complaint were submitted in reply by the plaintiff. The defendants did not assert that they were prejudiced by the omission. Under such circumstances, the court properly disregarded the plaintiff's omission (see Brightman v Prison Health Serv., Inc., 108 AD3d 739, 742; Studio A Showroom, LLC v Yoon, 99 AD3d 632; Welch v Hauck, 18 AD3d 1096, 1098).
The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on the cause of action alleging breach of contract through the authorization agreement, the certificate of satisfaction, and evidence that the defendants refused to tender payment of the $17,168.18 to the plaintiff as agreed. In opposition, the defendants failed to raise a triable issue of fact. The issues raised by the defendants regarding the quality of the work and the failure to leave behind certain roofing materials were, as the Supreme Court found, "irrelevant to the contract," i.e., the authorization agreement, and, in any event, belied by the defendants' execution of the certificate of satisfaction.
The defendants' remaining contention is without merit (see Vatco Contr., Ltd. v Kirschenbaum, 73 AD3d 1163, 1164).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging breach of contract.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court