Forman Constr., Inc. v P.D.F. Constr. (2019 NY Slip Op 06748)





Forman Constr., Inc. v P.D.F. Constr.


2019 NY Slip Op 06748


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2016-11592
 (Index No. 8122/08)

[*1]Forman Construction, Inc., appellant,
v
P.D.F. Construction, et al., respondents.


Scott A. Rosenberg, P.C., Garden City Park, NY (Kenneth J. Pagliughi of counsel), for appellant.
Tsunis Gasparis LLP, Islandia, NY (Maria Gasparis of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered July 5, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff contractor performed certain construction work on property owned by the defendants Pier D'Alessandro and Debra D'Alessandro. Pier D'Alessandro does business as P.F.D. Construction, incorrectly sued herein as P.D.F. Construction, which hired the plaintiff. After a dispute arose, the plaintiff commenced this action to recover damages for breach of contract and in quantum meruit. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff was unlicensed at the time it performed the work and, accordingly, it forfeited its right to recover under any legal theory. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
Where a home improvement contractor is not properly licensed in the municipality where the work is performed at the time the work is performed, the contractor forfeits the right to recover for the work performed, both under the contract and on a quantum meruit basis (see B & F Bldg. Corp. v Liebig, 76 NY2d 689, 693; Graciano Corp. v Baronoff, 106 AD3d 778, 779; CMC Quality Concrete III, LLC v Indriolo, 95 AD3d 924, 925; Orchid Constr. Corp. v Gottbetter, 89 AD3d 708, 709; Vatco Contr., Ltd. v Kirschenbaum, 73 AD3d 1163, 1164; see also CPLR 3015[e]). Administrative Code of Suffolk County § 563-17(a) provides, in pertinent part, that "[i]t is unlawful for any person to engage in any business as a home improvement contractor without obtaining a license therefor."
Here, it is undisputed that, at all relevant times, the plaintiff did not have a home improvement license as required by Administrative Code of Suffolk County § 563-17(a). The plaintiff contends that the licensing provision does not apply because it contracted with P.F.D. Construction, which acted as the general contractor. We disagree with the plaintiff's contention that the licensing provision does not apply to entities that enter into contracts with general contractors, as opposed to entities that enter into contracts with owners or residents of the premises where the [*2]construction work is to be performed (see CMC Quality Concrete III, LLC v Indriolo, 95 AD3d at 925). In any event, in support of their motion, the defendants established, prima facie, that the plaintiff contracted with a party who actually resided in the premises where the construction work was performed (see Kuchar v Baker, 261 AD2d 402, 403; cf. Matter of Migdal Plumbing & Heating Corp. v Dakar Developers, 232 AD2d 62, 66). In opposition, the plaintiff failed to raise a triable issue of fact. Since the plaintiff lacked the required license when it performed the work, it is precluded from recovery, either under the contract or on a quantum meruit basis (see B & F Bldg. Corp. v Liebig, 76 NY2d at 693; Graciano Corp. v Baronoff, 106 AD3d at 779; CMC Quality Concrete III, LLC v Indriolo, 95 AD3d at 925; Orchid Constr. Corp. v Gottbetter, 89 AD3d at 709; Vatco Contr., Ltd. v Kirschenbaum, 73 AD3d at 1164).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court